IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ENDURANCE ASSURANCE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| MAIN STREET AMERICA ASSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Endurance Assurance Corporation ("Endurance"), by and through counsel, and for its Complaint against Main Street American Assurance Company ("Main Street"), states as follows:

## PARTIES

1. Endurance is a Delaware corporation with its principal place of business in Purchase, New York. Endurance may be served in this matter through undersigned counsel.

2. Main Street is a Florida profit corporation with its principal place of business in Jacksonville, Florida. Main Street may be served through its registered agent Corporation Service Company, 120 Hays Street, Tallahassee, FL 32301.

3. Main Street issued to Shun Long, Inc. d/b/a Oriental Wellness Massage ("OWM"), as the first named insured, a commercial general liability policy, bearing policy number BPG1131J, with an effective period of July 13, 2021, through July 13, 2022 ("Main Street Policy"), which covers the relevant date of loss of June 7, 2022.

4. On February 28, 2022, Endurance issued to Time Equities, Inc. ("Time Equities"),

as the first named insured, a commercial general liability insurance policy ("Endurance Policy"), bearing policy number GGR10010592005, with an effective policy period of March 1, 2022, through March 1, 2023, a copy of which is attached hereto as **Exhibit A** and incorporated herein as if fully restated.

5. Endurance seeks damages and declaratory relief under 28 U.S.C. § 2201 for the determination that an insurer who owes primary insurance coverage to a mutual insured must pay 100% of the costs incurred defending that insured.

6. This action concerns an actual controversy over whether Main Street has a duty to defend or indemnify Endurance's insured Time Equities at 100% pursuant to a contract between Time Equities and OWM and the Main Street Policy.

## JURISDICTION AND VENUE

7. Jurisdiction exists under 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of attorney's fees, interest, and costs.

8. Venue is proper in this district because a "substantial part of the events … giving rise to this action occurred" in this district. 28 U.S.C. § 1391(b)(2). More specifically, the underlying lawsuit is pending in this district.

9. All conditions precedent have occurred, been performed, or have been waived.

## BACKGROUND AND FACTS

**I.   Underlying Lawsuit:**

10. On June 7, 2022, Sharon Moore, a law enforcement officer working undercover, visited OWM as a massage parlor customer.

11. OWM is owned by Xie Dong Xu and located in a mall owned by Foothills Mall Owner Equities, LLC ("Foothills").

12. During the massage, Xu allegedly sexually assaulted Moore.

13. Accordingly, on June 5, 2023, Moore filed suit against Xu and Foothills in the Circuit Court of Blount County, Tennessee, Case No. L-21252 ("Underlying Lawsuit"). A copy of the Complaint is attached as **Exhibit B.**

14. Moore alleges that "[w]hile purporting to engage in a massage, … [Xu] engaged in a series of sexual assaults on [Moore]." (Exh. B, ¶6.)

15. Moore alleges that as a result of the sexual assault, she has suffered "severe emotional damage from anxiety and post-traumatic stress." (*Id.* at ¶12.)

16. Moore further seeks damages exceeding $500,000.00.

## II. The Main Street Policy

17. OWM is insured by Main Street, and Foothills is an additional insured under the Main Street Policy. A Certificate of Insurance indicating as much is attached hereto as **Exhibit C** and incorporated herein as if fully restated.

18. The Main Street policy contains the following Other Insurance endorsement:

> **H. Other Insurance**
>
> 1. If there is other insurance covering the same loss or damage, we will pay only for the amount of covered loss or damage, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance of Section **I** - Property.
>
> 2. Business Liability Coverage is excess over:
>
>     **a.** Any other insurance that insurers for direct physical loss or damage; or
>
>     **b.** Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.
>
> 3. When this insurance is excess, we will have no duty under Business Liability Coverage to defend any claim or "suit" that any other

insurer has a duty to defend. If no other insurer defends, we will undertake to do so; but we will be entitled to the insured's rights against all those other insurers.

19. The Main Street policy also contains an Other Insurance provision, which provides:

> **B.** The following is added to Paragraph **H. Other Insurance** of **BPM P 3 - Section III - Common Policy Conditions**:
>
> Primary Additional Insured - if a written contract or agreement or permit requires this insurance to be primary for any person or organization with whom you agree to include in paragraph **C. Who Is An Insured** of **BPM P 2 - Section II - Liability**, this Other Insurance provision is applicable. This insurance is primary. This insurance is also non-contributory which means we will not seek contribution from other insurance available to the person or organization with whom you agree to include in **Who Is An Insured**.

### III. The Endurance Policy

20. The Endurance Policy was issued to Time Equities as the first named insured.

21. Foothills is a subsidiary of Time Equities and qualifies as an insured under the Endurance policy.

22. The Endurance policy contains the following Other Insurance – Excess endorsement (Form EGL 0638 0516):

> **4. Other Insurance - Excess**
>
> This insurance is excess over any other valid and collectible insurance (other than insurance bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this policy), including any deductible and self-insured amounts under such insurance, whether primary, excess contingent or any other basis applying to the loss.
>
> We will have no duty under this insurance to defend the insured against any "suit" if any other insurer has a duty to defend the insured against the "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all these other insurers.
>
> Notwithstanding the foregoing, the insurance afforded by this policy is primary and non-contributory insurance with respect to those insureds to whom you are obligated by written contract or agreement

Page **4** of **9**
Case 3:25-cv-00512-KAC-JEM    Document 1    Filed 10/17/25    Page 4 of 9    PageID #: 4

> to provide primary and noncontributory insurance, but they are insureds only with respect to liability arising out of your operations, or your premises, if you are obligated pursuant to such contract or agreement to provide them with such insurance as is afforded by this insurance.

23. Endurance is currently defending Foothills against the Underlying Lawsuit.

## IV. The Lease Agreement

24. On January 4, 2022, Foothills ("Licensor" in the lease language quoted herein) and OWM ("Licensee" in the lease language quoted herein) executed a lease agreement ("Lease Agreement"). The Lease Agreement is attached as **Exhibit D**.

25. The Lease Agreement includes the following provision requiring OWM to name Foothills as an additional insured on its insurance policy:

> **14. Insurance**. Licensee shall maintain in full force and effect during the Term, and any time prior to the beginning of the Term it does any work at the Premises, commercial general liability insurance with respect to personal injury or death or property damage or destruction occurring at the Premises or arising out of Licensee's use of the Premises or otherwise arising out of any act or occurrence at the Premises. Said insurance shall be in an amount of at least Two Million Dollars ($2,000,000) combined single limit for an in-line space…. All the policies for the foregoing insurance shall name Licensor, and such other parties as Licensor may designate, as additional insured (including all parties referenced in Paragraph 1M above). Prior to the Commencement Date and at such times as the polices are to expire, Licensee shall furnish Licensor with certificates of insurance evidencing that such insurance is in effect or has been renewed, as the case may be. Licensee hereby waives all subrogation rights of its insurance carriers in favor of Licensor, its partners, officers, employees, and agents, and shall obtain from its insurer a waiver of subrogation in favor of Licensor and such other parties as Licensor designates as additional insured with respect to all such insurance.

26. The Lease Agreement further includes the following provision requiring OWM to defend and indemnify Foothills:

> **15. Waiver of Claims and Indemnity**. To the extent not prohibited by law, Licensee shall indemnify, defend and save harmless Licensor from and against any and all liability, claims, damages, costs and expense, including

without limitation, attorneys' fees, resulting from or in connection with Licensee's use or occupancy of the Premises and Licensee waives all claims against Licensor for injury to persons, damage to property or to any other interests of Licensee sustained by Licensee or any person claiming through Licensee resulting from any occurrence in or upon the Premises or the Center Including, without limitation, any interruption in any utility service or any alleged failure to provide adequate security services. It is understood that all persons and property brought, invited or permitted upon the Premises by Licensee in connection therewith shall be at the sole risk of License, and Licensee shall save Licensor harmless from any and all liability arising from or in connection therewith. For purposes of this paragraph, the term "Licensor" shall mean and include Licensor and its and their partners, officers, directors, employees, agents, tenants and customers at the Center.

**V.     Tender of Foothills' Defense**

27. On June 9, 2022, Foothills tendered the Underlying Lawsuit to Main Street for defense and indemnity pursuant to the Lease Agreement and Main Street policy. The June 9, 2022 correspondence is attached hereto as **Exhibit E** and incorporated herein as if fully restated.

28. On August 17, 2023, Main Street responded "accepting" Foothills' tender but "suggesting" that defense costs should be split between Endurance and Main Street. The August 17, 2023 correspondence is attached hereto as **Exhibit F** and incorporated herein as if fully restated.

## COUNT I – DECLARATORY JUDGMENT

29. Endurance incorporates preceding paragraphs 1 through 28.

30. An actual controversy exists between the parties regarding the priority of insurance coverage for Foothills in the Underlying Lawsuit.

31. Endurance requests that the Court declare that Main Street has a primary obligation to defend and indemnify Foothills, and as such, Main Street must pay 100% of Foothills' defense costs in the Underlying Lawsuit.

32. Endurance further requests that the Court declare that it is entitled to reimbursement of the costs it incurred defending Foothills in the Underlying Lawsuit from Main Street.

## COUNT II - CONTRIBUTION

33. Endurance incorporates preceding paragraphs 1 through 32.

34. Endurance has suffered damages caused by Main Street's refusal to honor its primary obligation to fully defend and indemnify Foothills in the Underlying Lawsuit.

35. Accordingly, Endurance is entitled to reimbursement of the costs it incurred defending Foothills in the Underlying Lawsuit from Main Street.

## COUNT III - CONTRACTUAL SUBROGATION

36. Endurance incorporates preceding paragraphs 1 through 35.

37. Main Street, pursuant to its insurance policy and the Lease Agreement, contractually agreed to defend and indemnify Foothills on a primary basis in the Underlying Lawsuit.

38. Main Street has failed to fully honor its contractual obligations to Foothills.

39. Endurance is contractually subrogated to the interests of Foothills, and it may pursue all claims that Foothills could assert against Main Street.

40. Endurance has suffered damages caused by Main Street's refusal to honor its primary obligation to fully defend and indemnify Foothills in the Underlying Lawsuit.

41. Accordingly, Endurance is entitled to reimbursement of the costs it incurred defending Foothills in the Underlying Lawsuit from Main Street.

## COUNT IV - EQUITABLE SUBROGATION

42. Endurance incorporates preceding paragraphs 1 through 41.

43. Main Street, pursuant to its insurance policy and the Lease Agreement, contractually agreed to defend and indemnify Foothills on a primary basis in the Underlying Lawsuit.

44. Main Street has failed to fully honor its contractual obligations to Foothills.

45. Endurance, pursuant to its insurance policy, has paid amounts which rightfully should have been paid by Main Street.

46. Endurance has suffered damages caused by Main Street's refusal to honor its primary obligation to fully defend and indemnify Foothills in the Underlying Lawsuit.

47. Endurance is equitably subrogated to the interests of Foothills, and it may pursue all claims that Foothills could assert against Main Street.

48. Accordingly, Endurance is entitled to reimbursement of the costs it incurred defending Foothills in the Underlying Lawsuit from Main Street.

**WHEREFORE**, Endurance respectfully requests this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the Endurance and Main Street policies;

b. Declare that Main Street owes a primary obligation to defend and indemnify Foothills in the Underlying Lawsuit;

c. Declare that Main Street must pay 100% of Foothills' defense costs in the Underlying Lawsuit;

d. Award Endurance all the attorney's fees and costs that it has incurred in defending Foothills in the Underlying Lawsuit;

e. Award Endurance all costs it incurred to prosecute this action; and

f. All such other relief as this Court deems just and proper under the circumstances.

Respectfully submitted this 17th day of October, 2025.

                                      **HODGES, DOUGHTY & CARSON, PLLC**

BY:    */s/Mabern E. Wall*
           MABERN E. WALL (BPR # 031328)
           *Attorney for Plaintiff*
           445 S. Gay Street, Suite 401 (37902)
           Post Office Box 869
           Knoxville, Tennessee 37901-0869
           (865) 292-2307
           mwall@hdclaw.com

Page **9** of **9**
Case 3:25-cv-00512-KAC-JEM  Document 1  Filed 10/17/25  Page 9 of 9  PageID #: 9